UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FETHI AKSOY,

                Plaintiff,

       v.

R & A PETROLEUM CORP. and RAJEEV
MEHTA,

                Defendants.

**ORDER**

23-CV-06929 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff has asserted claims against Defendants for unpaid minimum wages, overtime,

and spread-of-hours pay in violation of the Fair Labor Standards Act ("FLSA") and the New

York Labor Law ("NYLL").  ECF No. 1.  Plaintiff also alleges that Defendants further violated

the NYLL by failing to provide wage notices when Plaintiff was hired and by failing to provide

wage statements when Plaintiff was paid.  *Id.*  Plaintiff has submitted a proposed settlement

between the parties for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake

House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  ECF No. 10.  For the reasons set forth below, the

Court approves the parties' settlement and grants Plaintiff's request to dismiss his complaint.

## LEGAL STANDARD

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals

settling FLSA claims with prejudice require the approval of the district court or the [U.S.

Department of Labor] to take effect."  *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder

Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must

also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)).[1]

"When presented with a settlement for approval, a district court's options are to (1) accept the

proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different

settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d

593, 606 (2d Cir. 2020). In other words, "[i]f a district court concludes pursuant to *Cheeks* that a

proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the

agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at

605.

Although the Second Circuit has not established an exhaustive list of factors that district

courts should consider when reviewing FLSA settlements, it has identified the following factors

as ones that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to
> which the settlement will enable the parties to avoid anticipated
> burdens and expenses in establishing their respective claims and
> defenses; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether the settlement agreement is the product of
> arm's-length bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

*Id.* at 600. With respect to attorneys' fees, the fees collected by a plaintiff's attorneys need not

be calculated as a percentage of the overall settlement, and in the event that they are calculated as

a percentage, they need not be limited to 33% of the settlement. *Id.* at 602–03 (vacating district

court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the

settlement). This is because the attorneys' fees provision of the FLSA was designed to

"encourage members of the bar to provide legal services to those whose wage claims might

otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

---

[1]    Unless noted, case law quotations in this order accept all alterations and omit internal
quotation marks, citations, and footnotes.

## DISCUSSION

The Court finds that the parties' proposed settlement is fair and reasonable according to *Cheeks* and its progeny.  Plaintiff will personally recover $11,437.40, which represents approximately 90% of his allegedly unpaid minimum wages and overtime compensation.  This settlement amount reasonably discounts for the possibility that Plaintiff might have been unable to prove on summary judgment or at trial the full amount of the hours he allegedly worked or that he was entitled to liquidated damages because Defendants' violations were willful.  The settlement amount also reasonably discounts for the possibility that Plaintiff may have been unable to demonstrate Article III standing to assert his state law wage notice and wage statement claims in federal court.  Of the total settlement amount of $18,000, Plaintiff's counsel is receiving only $6,000 in attorneys' fees, which is equal to one-third of the settlement, and $562.60 as reimbursement for costs that Plaintiff's counsel incurred.  The Court finds these fees and costs to be reasonable.

The circumstances of the case indicate that the settlement is an arm's-length bargain.  Plaintiff was represented by counsel with significant experience litigating wage-and-hour claims.  Defendants, on the other hand, negotiated the settlement personally after receiving Plaintiff's estimated damages, rather than retaining counsel to litigate Plaintiff's claims.  *See* ECF No. 10-1 at 5.

The Court finds that the non-monetary terms of the parties' settlement agreement are also reasonable.  The release that Plaintiff is giving to Defendants is not overly broad because it is limited to wage-and-hour claims.  ECF No. 10-3 at 2.  The full settlement agreement has been publicly filed, and it contains no confidentiality provisions, non-disparagement clauses, or provisions limiting Plaintiff's ability to work in the future.  *See* ECF No. 10-3.

## **<u>CONCLUSION</u>**

For the reasons set forth above, the Court GRANTS Plaintiff's motion to approve the parties' proposed settlement, as required by *Cheeks*. *See* ECF No. 10.  The Court further GRANTS Plaintiff's request to dismiss the complaint pursuant to Rule 41(a)(2), which permits Plaintiff to dismiss claims, such as FLSA claims, that cannot be dismissed by notice or stipulation, pursuant to a court order "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 30, 2023